Christopher Darkins,
C/O 8306 Wilshire Blvd,
Suite 605
Beverly Hills, CA. [90211]

In Pro Per

## U.S. DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

Christopher Oji: Darkins, *sui juris in esse*
  Plaintiff,
v.

DAVID SNOWDEN
In his official capacity as
Beverly Hills Chief of Police

  Defendant

CV13- 3831 JST(MAN)

COMPLAINT FOR INJUNCTIVE RELIEF

THREE JUDGE TRIAL DEMANDED SITTING IN EQUITY

Date Action filed: May 29, 2013
Date set for trial:

There is no other civil action between the parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a Judge.

NOW COMES Plaintiff, Christopher Oji: Darkins, *sui juris in esse* and for his complaint against Defendant hereby states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to the following statutes:

a. 28 U.S.C. §1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States.

2. Venue is appropriate in this judicial district under 28 U.S.C. §1391(b) because the events that gave rise to this Complaint occurred in this district.

COMPLAINT
1

PAID
MAY 29 2013
Clerk, US District Court
COURT 4612

## PARTIES

3. Plaintiff Christopher Oji: Darkins, *sui juris in esse* is a living soul natural born California Citizen, domiciled in the County of Los Angeles, State of California, within this judicial district.

4. Defendant David Snowden is Chief of the Beverly Hills Police Department ("BHPD"), and SUBJECT of this suit within his official capacity as Chief of BHPD, whereby; he has lawful duty to insure that BHPD officers – DEFENDANT'S AGENTS – are properly trained, and are so operating, in accordance with the Constitution[s] and Laws of California and the United States of America; also located within this judicial district.

5. The PERPETRATING PARTIES to the act[s] at issue within this suit were clearly identified by uniform and badge, as BHPD officers. As such, all actions performed were within their official BHPD capacity and are thus imputed upon Defendant David Snowden, under whose authority they operate – notice to agent is notice to principal; notice to principal is notice to agent.

6. Defendant David Snowden and his BHPD corporate entity ward are the city agency responsible for lawful enforcement of the California Motor Vehicle Code within the Beverly Hills city limits.

7. Defendant BHPD corporate entity is a duly constituted California municipal corporation.

8. Plaintiff is a living soul, *sui juris in esse*.

## GENERAL ALLEGATIONS

9. On or about September 20th 2012 plaintiff purchased a white 2005 Dodge Ram 1500 truck ("The Dodge") *consumer goods* and is the sole owner of the property.

10. Plaintiff drives The Dodge *consumer goods* exclusively for personal travel.

11. On or about 1:00 a.m. the morning of May 4th 2013, Plaintiff was in front of his primary domicile in Los Angeles California attempting to park The Dodge *consumer goods* when Defendant's agent-officers of the Beverly Hills Police Department pulled up behind Plaintiff with their emergency lights flashing and commanded him to turn off his vehicle.

12. Defendant agents approached Plaintiff's driver-side window of The Dodge *consumer goods* and demanded Plaintiff's license and registration.

13. Plaintiff asked the Defendant agents why he was being detained and questioned, which the Defendant agents FAILED to answer and ordered Plaintiff to exit the vehicle, whereupon under duress; Plaintiff was frisked and ordered to stand on the sidewalk.

14. After a brief verbal exchange with the Defendant agents, Plaintiff stated that The Dodge *consumer goods* was free and clear of any liens, exclusively used for personal Travel, and thus, neither Plaintiff nor The Dodge *consumer goods* were subject to any form of lawful requirements for commercial licensing and/or registration within the Motor Vehicle Code.

15. Defendant agents searched the interior compartment of The Dodge *consumer goods* and the contents of Plaintiff personal effects (briefcase, book bags, etc) inside The Dodge *consumer goods* despite Plaintiffs verbal objections to any and all searches without production of duly executed warrant, and ipso facto: NOTHING of unlawful or illegal nature was found.

16. On or about 1:30 a.m. May 4th 2013, Defendant agents, acting under color of state law and void of any form of lawful due process probable cause, arrested Plaintiff, seized The Dodge *consumer goods*, and charged Plaintiff with a violation of California Motor Vehicle code section 12,500(a), 4000(a)(1), and 4152.5.

17. On or about 6:30 a.m. May 4th 2013, Plaintiff was released from the Beverly Hills jail after posting a $100 cash bond.

18. On or about May 6th 2013, Plaintiff faxed a demand letter for return of The Dodge *consumer goods*.

19. On or about May 6th, 2013, Defendant agents, acting under the color of state law and void of any form of lawful due process probably cause, denied Plaintiffs request for the return of The Dodge *consumer goods* until such time that the Plaintiff registered The Dodge *consumer goods* with the State of California, clearly an unlawful act of intimidation.

### DECLARATION OF RIGHTS

20. Plaintiff has a constitutionally protected Right to Travel pursuant to Article IV § 2 of the Constitution for the United States of America – i.e. "the right of the people peaceably to assemble" with concomitant right to travel for such assembly.

21. Plaintiff has a constitutionally protected Right to the acquisition, ownership, and enjoyment of property pursuant to Article IV § 2 of the Constitution for the United States of America

22. Plaintiff has a constitutionally protected right to lawful due process before being deprived of life, liberty, or property pursuant to Article IV § 2, of the Constitution for the United States of America, to wit:

➢ "We feel no hesitation in confining these expressions to those privileges and immunities which are, in their nature, fundamental; which belong, of right, to the citizens of all free governments; and which have, at all times, been enjoyed by the citizens of the several states which compose this Union, from the time of their becoming free, independent, and sovereign... They may, however, be all comprehended under the following general heads: Protection by the government; the enjoyment of life and liberty, with the right to acquire and possess property of every kind, and to pursue and obtain happiness and safety... The right of a citizen of one state to pass through, or to reside in any other state... to take, hold and dispose of property, either real or personal; and an exemption from higher taxes or impositions than are paid by the other citizens of the state; may be mentioned as some of the particular privileges and immunities of citizens..." Corfield v Coryell 6 Fed. Cas. 546

➢ "With respect to U.S. Const. art. 4, § 2, the injury, as to the effect of a law of any state, will not be whether it makes a discrimination between citizens of the several states; but whether it infringes upon any civil right, which a man as a member of civil society must enjoy." Campbell v Morris 3 H. & McH. 535; 1797

➢ "It seems agreed, from the manner of expounding, or defining the words immunities and privileges... It secures and protects personal rights." Campbell v Morris 3 H. & McH. 535; 1797

➢ "The Constitution of the United States declares that the citizens of each state shall be entitled to all the privileges and immunities of citizens in the several states. And although these privileges and immunities, for greater safety, are placed under the guardianship of the general government; still the states may by their laws and in their tribunals protect and enforce them. They have not only the power, but it is a duty enjoined upon them by this provision in the Constitution." Priggs v Pennsylvania 41 U.S. 539.

THE MOTOR VEHICLE ACT OF 1923

23. Section 4000(a)(1) of the California Motor Vehicle Code is the codification of Title III § 6 of the Motor Vehicle Act of 1923 and its amendatory statutes.

24. Section 12,500 of the California Motor Vehicle Code is the codification of Title VI § 58 of the The Motor Vehicle Act of 1923 and its amendatory statutes.

25. Title III § 36 of the Motor Vehicle Act of 1923 states the following: "**Applications** for registration. (a) Every **owner** of a motor vehicle, trailer or semi-trailer which shall be operated upon the public highways of this state shall for each such vehicle owned, except as herein otherwise provided, apply to the division for the registration thereof."

26. Title I § 16 of the Motor Vehicle Act of 1923 defines "owner" as used in allegation 9 as "A person having the lawful use or control or the right to the use or control of a vehicle **under a lease or otherwise for a period of ten or more successive days.**"

27. Title VI § 58 of the California Motor Vehicle Act of 1923 clearly states that its unlawful for any person to drive a motor vehicle in the character of a "chauffeur" or "operator" unless licensed as such by declaring the following: "Operators and chauffeurs must be licensed. It shall be unlawful for any person to drive any motor vehicle upon any public highway in this state **whether as an operator or a chauffeur** unless licensed as an operator or chauffeur, except such persons as are expressly exempted under this act." (Emphasis added)

28. Plaintiff was driving The Dodge *consumer goods* in his personal capacity as sole owner for personal enjoyment and not as an operator or chauffeur.

29. Plaintiff's constitutionally protected right to travel is a lawful & legal right to drive The Dodge *consumer goods* for personal enjoyment without acquiring an "operator" or "chauffeur" license.

30. The Motor Vehicle Act of 1923, and its subsequent amendments, is unconstitutional if it deprives Plaintiff of the right to travel or the enjoyment of personal property.

## DAMAGES

31. Defendant's unlawful enforcement of the Motor Vehicle Code deprives Plaintiff of his Right to Travel and peaceably to assemble.

32. Defendant's unlawful enforcement of the Motor Vehicle Code deprives Plaintiff of his Right to the enjoyment of his personal property.

33. Defendant's unlawful enforcement of the Motor Vehicle Code deprives Plaintiff of his liberty of locomotion.

34. On or about May 18th, 2013, Defendant agents arrested Plaintiff for a subsequent violation of the Motor Vehicle Code section 12500, seized the automobile in his possession, and informed Plaintiff that it was the policy of BHPD to arrest Plaintiff whenever he was engaged in travel as a driver of an automobile unless he acquired a license from the state.

35. Defendant's policies and customs relating to UNLAWFUL enforcement of the Motor Vehicle Code have caused substantial and irreparable harm to the plaintiff.

36. Defendant's policy and customs relating to ANY prospective UNLAWFUL enforcement of Motor Vehicle Code threatens to cause continued substantial and irreparable harm to Plaintiff.

37. Plaintiff is informed, and believes that Defendant's agent's actions are with "deliberate indifference" as result of Defendant's "failure to train" agent's to respect the lawful exercise of constitutionally protected rights of, and by, inhabitants within Defendant's lawful venue & jurisdiction.

## COUNT I
## VIOLATION OF UNITED STATES CONSTITUTION GUARANTEED RIGHT TO ASSEMBLY & CONCOMITANT TRAVEL, per ARTICLE IV § 2

32. Plaintiff incorporates and restates each of the above paragraphs, as if fully set forth herein as Notice to Agent is notice to Principal; Notice to Principal is notice to Agent.

33. Defendant and agents have deprived Plaintiff of his constitutional secured rights by seizing his primary and preferred mode of travel, VOID of lawful due process probable cause.

34. Defendant and agents have acted under color of law State authority, VOID of lawful due process probable cause, to deprive Plaintiff of his unalienable right to travel.

35. As a direct and proximate result of Defendant's violation of the right to travel secured by Article IV § 2 of the Constitution for the United States of America Plaintiff has sustained injuries and damages.

## COUNT II

### VIOLATION OF ARTICLE IV § 2 UNITED STATES CONSTITUTION

### PURSUIT OF HAPPINESS

36. Plaintiff incorporates and restates each of the above paragraphs, as if fully set forth herein as Notice to Agent is notice to Principal; Notice to Principal is notice to Agent.

37. Defendant and agents have deprived Plaintiff of his constitutional secured rights by UNLAWFUL seizure of The Dodge consumer goods allodial property of Plaintiff.

38. Defendant acted under the color of state authority when Defendant deprived Plaintiff of enjoyment of his property without substantive due process of law.

39. As a direct and proximate result of Defendant's violation of Article IV § 2 of the Constitution for the United States of America, Plaintiff has sustained injuries and damages.

## COUNT III

### VIOLATION OF ARTICLE IV § 2 UNITED STATES CONSTITUTION

### UNLAWFUL ARREST WITHOUT WARRANT

40. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

41. Defendant has deprived Plaintiff of his right to be free from seizure of his person, without a warrant based upon substantive probable cause, supported by oath or affirmation and describing the person or things to be seized, as protected under the Constitution for the United States of America.

42. Defendant acted under the color of State authority when Defendant deprived Plaintiff of his constitutionally protected right to be free from unwarranted seizure of his person.

43. As a direct and proximate result of Defendant's violation of Article IV § 2 of the Constitution for the United States of America, Plaintiff has sustained injuries and damages.

## COUNT IV

### VIOLATION OF ARTICLE IV § 2 UNITED STATE CONSTITUTION

### LIBERTY OF LOCOMOTION

44. Plaintiff incorporates and restates each of the above paragraphs, as if fully set forth herein as Notice to Agent is notice to Principal; Notice to Principal is notice to Agent.

45. Defendant and agents have deprived Plaintiff of his constitutional secured rights to Liberty of Locomotion.

46. Defendant and agents, acting under color of law State authority, VOID of lawful substantive due process probable cause, have made threats of physical violence in order to deprive Plaintiff of his Liberty of Locomotion.

47. As a direct and proximate result of Defendant's violation of the Liberty of Locomotion secured by Article IV § 2 of the Constitution for the United States of America Plaintiff has sustained injuries and damages.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants for:

1. Injunctive and equitable relief as the Court deems appropriate including:

i) Requiring Defendants to Return Plaintiffs "The Dodge" personal consumer goods property without cost or delay;

ii) Mandate that Defendant & agents cease and desist such harassment against Plaintiff, as to force his effecting of what can only be construed as FRAUD, should he BE FORCED TO CLAIM FOR COMMERCIAL USE, of what is IN FACT & LAW A SIMPLE CONSUMER GOODS in its EXCLUSIVE PRIVATE USE by Plaintiff within his lawful travels upon the common way, as cited above;

iii) Enjoin Defendants from further enforcement of the California Motor Vehicle Code section 12500, 4000(a)(1), 4125.5, and related provisions, against NON-COMMERCIAL CONSUMER GOODS vehicles and their lawful owners; and

iv) Requiring Defendant's to properly train its employees to accommodate Citizens exercising their unalienable Right to Travel freely on the common way; and

v) Declaratory Judgement that Plaintiff is not subject to further enforcement, by any state enforcement agency, of the California Motor Vehicle Code section 12500, 4000(a)(1), 4125.5, and related provisions, against NON-COMMERCIAL CONSUMER GOODS vehicles and their lawful owners;

2. Costs and attorneys fees of this lawsuit, with interest;

3. Any other relief as the court deems appropriate.

Dated: May 29, 2013                           Christopher Darkins

*[signature]*

Christopher Darkins
Sui Juris, in Pro Per